## Bialas *v.* Elder, Appellant.

*Deed—Description of property—Parol evidence—Question for jury.*

Where a written agreement for the sale of land provides that there should go with the property "the barn frame lumber cut and sawed now on the farm," and there is nothing in the writing to show what was the meaning of the words barn frame lumber, and the evidence does not show that they had any trade meaning, parol evidence is admissible to show the condition of things on the ground at the time and the character and quantity of the lumber on the farm, and if the evidence is conflicting, it is for the jury to determine what the parties meant by the use of these words.

Argued April 21, 1910. Appeal, No. 90, April T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny

220  BIALAS *v.* ELDER, Appellant.

Statement of Facts—Opinion of the Court.   [44 Pa. Superior Ct.

County, June T., 1905, No. 369, on verdict for plaintiff in case of R. F. Bialas and Magdalena, his wife, v. John H. Elder.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, and BEAVER JJ.   Affirmed.

Trespass for the taking away of lumber.   Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,500 on which judgment was entered for $991.97, all above that amount having been remitted.   Defendant appealed.

*Errors assigned* were (1–15) various instructions and rulings on evidence.

*C. C. Dickey*, with him *W. K. Shiras*, for appellant.

*James Balph*, with him *R. A. Balph*, for appellees.

OPINION BY HEAD, J., October 10, 1910:

The plaintiff had entered into a written agreement with one William Langkamp and his wife for the purchase of a tract of land in Beaver county.  So far as the land itself is concerned the transaction was promptly and satisfactorily completed.  It appears, however, that certain personal property was also the subject of their negotiations. The written agreement contained the following provision: "It is further agreed that all crops that are growing and sowed on said farm shall go with the property, also the barn frame lumber cut and sawed now on the farm, all posts to go with the property."   The contention between the parties arises from their different constructions of the above-quoted provision.

The negotiations leading up to the sale had been conducted for the owners by their son-in-law and agent, the present defendant.  Shortly before the agreement was executed he had taken the plaintiff who resided in Pitts-

burg to see the property. At that time there was a considerable amount of cut and sawed lumber on the premises, a sawmill having been operated thereon for some time. As to what occurred during this inspection of the property and what was said by the parties the testimony is conflicting. Shortly after their return the article of agreement was drawn up by the defendant and duly executed by the parties.

It is clear enough that the intention was that the purchaser should acquire title to certain lumber, and the language of the agreement must have been designed to describe with more or less accuracy the lumber he was to get. The language, as we have seen, was the language of the defendant. It will be observed at once that the lumber, which was the subject-matter of the provision, was lumber "now on said farm." There was thus practically written into the agreement the local conditions as they existed on the ground at the time it was executed. To determine the dispute which later arose between the parties it therefore became necessary to reproduce for the court and jury those conditions by the aid of parol testimony. In no other way could the condition of things on the ground, or in other words, the character and quantity of the lumber "now on said farm," become cognizable by the tribunal that was to try the cause. The introduction of parol testimony in such a case is no violation of the general rule that the construction of written instruments is the function of the court. As long as the true meaning of such writings can be reached ex visceribus suis, it is doubtless the duty of the trial judge to construe them. But when it becomes necessary to apply the language of a written instrument to its subject-matter, or when things or conditions not within the legal perspective of a trial judge are written into the agreement, the introduction of parol testimony becomes a matter of necessity, and the propriety of receiving it has always been conceded by courts and text-writers.

What is "barn frame lumber"? The learned judge

below properly determined that the first important inquiry should naturally be whether or not that was a trade term in the lumber business, having a fixed and definite meaning, so that it could be used with accuracy to describe a particular kind of lumber only and no other. Testimony was accordingly offered on both sides, the defendant contending that it had such particular meaning, the plaintiff the contrary. As the case was submitted the jury has found that there is no such term known to the trade.

If then the expression used in the agreement is not a technical or trade term, it is to be understood according to the interpretation put upon the words in the average speech of the people. It must be apparent, we think, that the important word in this expression is the word "frame." Frame lumber is, of course, such as is ordinarily used in constructing the framework of a building, and it would be hard to see how barn frame lumber could well mean anything else than lumber suitable for constructing the framework of a barn. Ordinarily this might be supposed to be somewhat larger and heavier than that used for a house, stable or other building of smaller dimensions. The learned trial judge therefore left to the jury, under the evidence, the determination of what barn frame lumber there was on the premises at the time the agreement was made. In such submission we can see no error, as we are unable to perceive how the learned trial judge could have determined as a matter of law what was barn frame lumber and what was not. The entire question was one of fact to be decided in accordance with the preponderance of the evidence in the case.

The theory of the defendant was that it was the intention of the owner to erect a new barn on the premises sold and that frame lumber specially designed for that purpose had been sawed and put upon a certain pile which was pointed out to the purchaser at the time of his visit; and that this pile of lumber, and this alone (leaving out the question of posts), was what the plaintiff was to get.

Such may indeed have been the fact, and had the jury been willing to credit the testimony of the defendant they would have found accordingly.

The plaintiff, however, stoutly insisted that the various piles scattered about the premises were all brought to his view; that they were made up indiscriminately of various kinds of lumber; a number of them, if not all of them, containing lumber quite as well suited for barn framing as that in any other pile. The defendant himself admitted on the witness stand that out of the pile of lumber, which he contended was the only subject of the agreement, there had already been built one barn, part of another one, and that there was still lumber enough to build a third. To what extent, if at all, this discredited his other statement that that pile of lumber had been gotten out specifically for the purpose of building a barn, we cannot say. A number of witnesses testified that much of the lumber which was subsequently removed by the defendant was entirely suitable for barn building, and the jury evidently accepted that testimony.

The entire contention, as we view it, was one of fact. The theory upon which the case was tried by the learned judge below was the correct one, and the several matters of fact which would aid the jury in reaching a proper conclusion were fairly submitted in a charge which we think fully vindicates itself. We are therefore unable to sustain the assignments of error which complain of portions of the charge and of the refusal of the learned judge to take the case from the jury.

The defendant's third point was as follows: "The expression 'barn frame lumber cut and sawed' does not mean any lumber that would be suitable for a barn frame, but refers to a particular pile, mass or quantity of lumber which prior to the date of the contract had been cut and sawed." This point was refused and properly so. How could the learned trial judge undertake to say, as a matter of law, that the "barn frame lumber cut and sawed and now on said farm" was in a particular pile? Of course the

expression of the contract referred to a certain quantity of lumber on the farm, but whether it was in one mass or pile or in several was a question to be determined by the jury under all the evidence in the case.

So in the fourth point the court was asked to say, "If the jury find . . . . that there was on the farm a pile of lumber cut and sawed for the frame of a barn, then the expression barn frame lumber, etc., referred to such a pile of lumber and not to any other lumber," etc. This again we say, as the evidence stood at the close of the trial, was properly refused. It is extremely doubtful, even under the defendant's own testimony, whether the pile of lumber to which he referred contained only lumber sawed for the frame of a particular barn. Such a conclusion was strongly assailed by his other admission to which we have referred. Moreover, even if there was in one pile lumber cut and sawed for the frame of a barn, there may have been like lumber in other piles, and there was no language in the agreement which would have warranted the trial judge, under such circumstances, restricting its effect to a single pile of lumber.

But all of these considerations only lead to the conclusion that the entire contention between the parties was one of fact to be disposed of by the jury under proper instructions, and in those given we are unable to find any reversible error. It may be that the jury accepted testimony which they should have rejected and declined to credit that which should have produced conviction, but if the defendant has suffered from this cause we have no remedy for his injury. The assignments of error are all dismissed.

Judgment affirmed.